IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-604-BO

| | |
|---|---|
| LISA GREEN-HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| HHHUNT CORPORATION dba | ) |
| HANDCRAFTED HOMES, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant HHHunt Corporation's ("HHH") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). [DE 8], and plaintiff Lisa Green-Hayes's motion for an extension of time [DE 12]. The motions are ripe for adjudication. For the reasons stated herein, plaintiff's motion for extension of time is DENIED, and defendant's motion to dismiss is GRANTED.

## BACKGROUND

Pro se plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, Raleigh Area Office ("EEOC") on October 25, 2011, asserting claims for discrimination based on race and sex, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). On August 20, 2013, the EEOC issued a notice of right to sue, and Plaintiff initiated this civil action on August 22, 2013, alleging discrimination based on her termination. Defendant filed a motion to dismiss on September 16, 2013 and the response motion deadline was set as October 10, 2013. On October 18, 2013, plaintiff filed her

motion for an extension of time to reply to defendant's motion and filed her response on October 21, 2013. Defendant objects to the motion for extension of time.

## DISCUSSION

Plaintiff bases her request for an extension of time to respond to defendant's motion to dismiss on her difficulty in obtaining counsel. However, this Court's Local Rule 7.1(e)(1) is clear: "Responses and accompanying documents *shall* be filed within twenty-one (21) days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Civil Procedure." (emphasis added). Although pro se litigants are entitled to some deference from the courts, "they as well as other litigants are subject to the time requirements . . . without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Plaintiff failed to request her extension of time before the deadline to respond to defendant's motion to dismiss expired. Accordingly, plaintiff's motion is denied and this Court considers defendant's motion to dismiss unopposed. For the reasons stated below, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety.

I.     12(b)(5).

A motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure is the "appropriate means for challenging the sufficiency of process." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M/D.N.C. 1996). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to FED. R. CIV. P. 4 and, by incorporation, the North Carolina Rules of Civil Procedure. *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d

2

304, 306 (4th Cir. 1998). Here, plaintiff failed to properly effectuate service of process on HHH. Plaintiff addressed her service packet to Mr. Cochran, who is not an officer, director, or agent of the corporation for the purpose of accepting service of process. However, when service of process gives the defendant actual notice of the pending action, courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). Here, defendant's counsel is handling the case, and it is apparent to this Court that defendant has actual notice of this action. Accordingly Rule 12(b)(5) does not prevent this Court from having personal jurisdiction over defendant.

II.     12(b)(6).

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

3

Here plaintiff has brought the entirety of her claims against HHH doing business as Handcrafted Homes. Defendant insists that it never employed plaintiff, that HHH has never done business as Handcrafted Homes, and that Handcrafted Homes, LLC is legally separate and distinct from HHH. Title VII prohibits "employers" from discriminating against employees. *See* 42 U.S.C. § 2000e-2(a). "[A]n individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir. 1990). Plaintiff only alleges activities that took place at Handcrafted Homes, and alleges no employment relationship with HHH. Her characterization of HHH doing business as Handcrafted Homes is a legal conclusion that this Court is not obligated to accept as true. Plaintiff has not alleged that she was ever an employee of HHH. As a matter of law, HHH cannot be liable under Title VII for the treatment of someone who it never employed. Therefore plaintiff's complaint is dismissed in its entirety. Because Plaintiff has failed to adequately state a claim upon which relief may be granted, the Court does not reach the question of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an extension of time [DE 12] is DENIED and defendant's motion to dismiss [DE 8] is GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the ⅛⅝ day of October, 2013.

Terrene Boyl

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4